1
2
3
4
5                UNITED STATES DISTRICT COURT
6            FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                       OAKLAND DIVISION
8

9  | DANNY TIMMONS,                    | Case No: C 14-0794 SBA
10 |     Plaintiff,                    | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
11 |     vs.                           |
12 | YVONNE CATHERINE DUCLOS,          |
13 |     Defendant.                    |
14

15

16   Plaintiff Danny Timmons filed the instant pro se action against Defendant Yvonne
17  Catherin DuClos, alleging a claim under the Supremacy Clause. Plaintiff is a party in a
18  civil action pending in Sonoma County Superior Court, and alleges that the state court
19  should not have considered papers that allegedly were improperly served upon him in the
20  Philippines. On April 21, 2014, the Court denied Plaintiff's application to proceed In
21  Forma Pauperis ("IFP") and dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) for
22  failing to allege any cognizable claims. Dkt. 12.  On June 18, 2014, Plaintiff filed a
23  document styled as "Order Deny [sic] Plintiff's [sic] Request to Proceed in Forma
24  Pauperis," in which he requests that the Court "reverse the dismissal" of his action. Dkt.
25  14. The Court liberally construes Plaintiff's filing as a motion for reconsideration.
26   Motions to reconsider a decision of the court are appropriately brought under Rule
27  59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fuller v. M.G. Jewelry, 950
28  F.2d 1437, 1442 (9th Cir. 1991). Under Rule 59(e), "[r]econsideration is appropriate if the

district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. ACandS, Inc., Multnomah Cnty., Or., 5 F.3d 1255, 1263 (9th Cir. 1993).  Under Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Plaintiff has failed to carry his burden of demonstrating that reconsideration is warranted under either Rule 59(e) or 60(b).  The gist of his motion is that the superior court "lacked jurisdiction" to consider certain documents served on him extraterritorially in contravention to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention").[1]  Plaintiff's argument mirrors the claim alleged in the Complaint, which the Court considered and dismissed.  As explained in the dismissal order, under the Rooker-Feldman doctrine, the Court has no power to review a state court ruling.  Moreover, even if the Court had jurisdiction, the Younger abstention doctrine counsels federal courts to avoid interfering with ongoing state court proceeding.  Nothing in Plaintiff's motion for reconsideration persuades the Court that its dismissal order should be vacated.

I. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  June 24, 2014

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The Hague Service Convention is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988).